# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Love, et al., | Case No. 2:23-cv-02149-CDS-BNW |
| Plaintiffs | **Order Denying Plaintiffs' Motion for Default Judgment** |
| v. | |
| Rachel Pond, et al., | [ECF No. 10] |
| Defendants | |

Pro se plaintiffs Teresa Love and Vietta Hankins filed a complaint against defendants Rachel Pond, John Vance, Sheldon G. Turley, Jr., Joleen Smith, Gerard O'Hare, Anna DePasquale, Aaron Warren, and Jill Mortimer[1] alleging that they have been improperly denied benefits under the Energy Employees Occupational Illness Compensation Program. Compl., ECF No. 1. On December 20, 2024, plaintiffs filed the instant motion for default judgment. Mot. for default. j, ECF No. 10. Defendants filed an opposition on January 3, 2025, arguing that defendants have not been properly served pursuant to Rule 4. ECF No. 12. Indeed, upon review of the docket, it appears service of the summons and complaint is deficient under Rule 4. Plaintiffs have failed to properly serve the United States[2] according to Rule 4(i). Because proper service has not been effectuated, the court does not currently have personal jurisdiction over defendants, and the motion for default must therefore be denied. *See Chalsani v. Paymentwall, Inc.*, 2020 U.S. Dist. LEXIS 222732, at *8 (D. Ariz. Nov. 30, 2020) ("Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.").

---

[1] All defendants are being sued individually and in their official capacity.

[2] A suit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *Balser v. Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003).

A plaintiff must serve a defendant within ninety days of the filing of the complaint. Fed. R. Civ. P. 4(m). If the defendant is not served within that time frame, the court must dismiss the action without prejudice or order that service be made within a specified time. *Id.* Courts have "broad discretion" under Rule 4(m) to extend the time for service. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). Given the plaintiffs' pro se status, I find that extending the time for service is warranted. I grant plaintiffs an extension of thirty days to effectuate proper service. Plaintiffs are directed to consult the Federal Rules of Civil Procedure to ensure that they properly serve defendants and **must file proof of service by February 12, 2025**. Plaintiffs are advised that failure to effectuate proper service within this time frame may result in dismissal of their case.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiffs motion for default **[ECF No. 10] is DENIED without prejudice.**

IT IS FURTHER ORDERED that plaintiffs must consult the Federal Rules of Civil Procedure regarding proper service and file proof of service by **February 12, 2025.**

Dated: January 14, 2025

_____
Cristina D. Silva
United States District Judge