UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Teresa Love, et al.,

        Plaintiffs

v.

Rachel Pond, et al.,

        Defendants

Case No. 2:23-cv-02149-CDS-BNW

**Order Granting in Part Defendants' Motion to Dismiss and Granting Defendants' Motion to Strike, and Denying Plaintiffs' Motion for Leave to File Surreply and Motion for Proposed Order, and Order Striking Notices**

[ECF Nos. 28, 38, 48, 49, 50, 51]

      Pro se plaintiffs Teresa Love and Vietta Hankins are sisters who bring this action against defendants Rachel Pond, John Vance, Sheldon G. Turley, Jr., Joleen Smith, Gerard O'Hare, Anna DePasquale, Aaron Warren, and Jill Mortimer (collectively, "the Federal Defendants") alleging that they were improperly denied benefits under the Energy Employees Occupational Illness Compensation Program (EEOICPA). *See* Am. Compl., ECF No. 20. The Federal Defendants move to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. *See* Mot. to dismiss, ECF No. 28. The motion to dismiss is fully briefed. *See* Opp'n, ECF No. 30; Reply, ECF No. 33.

      Also pending before the court is the Federal Defendants' motion to strike the plaintiffs' untimely supplemental brief to the opposition to the motion to dismiss. Mot. to strike, ECF No. 38. This motion is also fully briefed. Opp'n, ECF No. 39; Reply, ECF No. 47. Finally, the plaintiffs filed a motion for leave to file a surreply to the Federal Defendants' reply brief to the motion to strike, a motion for a jury trial preservation order, and two "notices." ECF Nos. 48–51. The Federal Defendants did not respond to the motions. For the reasons set forth herein, I grant the Federal Defendants' motion to dismiss and their motion to strike. I also deny the plaintiffs' motions to file a surreply and for a jury trial preservation order. Finally, I strike the plaintiffs' notices.

I.       The allegations in the complaint.[1]

The plaintiffs brought this case by filing a petition for damages asserting that this court has jurisdiction over this action pursuant to the following statutes: 42 U.S.C. § 7385s-6; 28 U.S.C. § 1331; 28 U.S.C. § 2675; 18 U.S.C. § 1001; 18 U.S.C. § 1922; 5 U.S.C. § 701(a); 5 U.S.C. § 702; 5 U.S.C. § 706; Amendments 1, 5, and 7 to the Bill of Rights; and Article III, Section 2. *See* ECF No. 20. Therein, the plaintiffs allege the following. Their father, Allen Love, Sr., was an employee at the Nevada Test Site from 1953–1983. *Id.* at 4. Because of his work at the test site, Allen[2] was diagnosed with non-Hodgkin's lymphoma. *Id.* Allen passed away on April 18, 1983. *Id.* It is unclear when, but his diagnosis was accepted by the federal government. However, in the "final decisions" issued on December 19, 2003, and December 8, 2006, the claims brought under Part B and E of the EEOCIPA were denied. *Id.*

At some point, Teresa submitted a survivor claim under the EEOCIPA. In January 2018, Teresa received a "Recommended Decision to accept survivor claim under Part B of the EEOICP Act." *Id.* However, Teresa's claim under Part E of the Act was denied "due to insufficient evidence of [her] being a full time student at the time of her father's death." *Id.* Teresa sought reconsideration of the denial, but that was also denied. *Id.* The plaintiffs then filed a complaint under 29 C.F.R. § 15 and 28 U.S.C. § 2672 with the "Counsel for Complaints and Compensation" on September 29, 2020. *Id.* at 5. The complaint does not set forth any information about when Vietta Hankins filed a claim under the EEOCIPA. As relief, the plaintiffs ask this court to order payment of survivor benefits under both Part B and E of EEOCIPA, plus interest. *Id.* at 7. They also seek $250,000 "per defendant" for purportedly using fraudulent statements in violation of 18 U.S.C. § 1001. *Id.* at 7–8. They further seek costs under the Equal Access to Justice Act. *Id.* at 9.

---

[1] Plaintiffs filed an amended complaint on February 27, 2025, to include their signatures on the last page of the complaint. *Compare* ECF No. 1 with ECF No. 20. All other allegations are the same. Because the allegations are the same, I nonetheless address the motion to dismiss but cite to the amended complaint herein because it is the operative one. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original.").

[2] The court refers to Allen Love, Sr. and or Teresa Love by their first names. This is done for clarity and convenience and is not intended to convey disrespect.

2

## II.     About the EEOICPA

In 2000, Congress passed the Energy Employees Occupational Illness Compensation Program Act,[3] which established a program to compensate individuals who were diagnosed with certain illnesses because of their exposure to radiation and other toxic substances while working for the Department of Energy (DOE). *See* 42 U.S.C. §§ 7384, 7384d. Under "Part B" of EEOICPA, covered employees or their eligible survivors may receive compensation in a lump sum payment of $150,000 plus medical benefits for covered individuals. 42 U.S.C. § 7384s; *see generally id.* §§ 7384l to 7384w-1. "Part E" of the Act provides compensation for permanent impairments or wage loss to DOE contractor employees with a covered illness in the form a variable lump sum payment. *See* 42 U.S.C. §§ 7385s-1–2.

Generally, to file a claim, either the individual or the survivor must file a claim with the Department of Labor's Office of Worker's Compensation Program (OWCP). *See* 20 C.F.R. §§ 30.100, 30.101 (2019); *Harger v. DOL*, 569 F.3d 898, 901 (9th Cir. 2009) (discussing the process for filing a claim). If a claim lacks the required supporting factual or medical evidence, OWCP notifies the claimant of the deficiencies and provides an opportunity for correction of the deficiencies. 20 C.F.R. § 30.111(b). Once a claim has been sufficiently developed, the OWCP will issue a Recommended Decision informing the claimant of its recommended findings of fact and conclusions of law. *See* 20 C.F.R. §§ 30.300, 30.305–.308. The claimant then has 60 days to file written objections to the Recommended Decision with the Final Adjudication Branch (FAB) within OWCP. 20 C.F.R. § 30.310.

If a claimant is dissatisfied with the final decision issued by FAB, they may request reconsideration within 30 days. 20 C.F.R. § 30.319(a). If FAB denies the reconsideration request, the Recommended Decision will be considered final on the date the request for reconsideration is denied. 20 C.F.R. § 30.319(c)(2). But the opportunity to appeal does not end there. Even after the FAB has issued a final decision on a claim, a claimant may file a written request with the

---

[3] 42 U.S.C. §§ 7384 to 7385s-15.

Director of OWCP's Division of Energy Employees Occupational Illness Compensation to reopen a claim. 20 C.F.R. § 30.320(b). The request to reopen must be based upon either the submission of new evidence of a diagnosed medical condition, covered employment, or exposure to a toxic substance, or identification of changes in HHS' guidelines, methodologies, and classifications pertinent to the adjudication of cancer claims. *Id.* Ultimately, if the Director decides that the evidence submitted or matter raised by the request is material to the claim, the claim can be reopened[4] and returned to the district office for any necessary, further development. *Id.* A new Recommended Decision is issued at the conclusion of that reopening process. *Id.*

### III.  Discussion

The Federal Defendants seek dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 28. Because jurisdiction is a threshold issue, I address that first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (discussing jurisdiction as a threshold requirement that is "inflexible and without exception."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### A.  The Federal Defendants motion to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction is granted in part.

Under Rule 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Unlike a motion under Rule 12(b)(6), "when considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th

---

[4] The Director's decision to reopen a claim, or deny a request to do so, is completely discretionary. *See* 20 C.F.R. § 30.320(c).

4

Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary."). Congress granted federal courts jurisdiction over two general types of cases: cases that arise under federal law, pursuant to 28 U.S.C. § 1331; and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019).[5]

      A case "arises under" federal law (federal question jurisdiction) either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1089.

      If a federal court determines that it lacks subject matter jurisdiction at any time, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

      As threshold matter, the plaintiffs respond to the motion to dismiss for lack of subject matter jurisdiction by summarily asserting there is jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Constitution and federal law. *See* ECF No. 30 at 2. This is insufficient to survive a Rule 12(b)(1) motion. *See Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) ("Absent a

---

[5] The complaint does not allege diversity jurisdiction, and based on the allegations in the complaint, it would not apply so it is not addressed herein.

substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" are insufficient to "raise a substantial federal question for jurisdictional purposes"). Moreover, the Local Rule 7-2(d) state that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Although the court could grant the Federal Defendants motion to dismiss on jurisdictional grounds based on the plaintiffs' insufficient response, I am cognizant of the plaintiffs' pro se status,[6] so I nonetheless address the arguments on the merits. The plaintiffs are cautioned, however, that they must comply with all the rules of this court, including the Local Rules.[7]

The Federal Defendants first argue that the plaintiffs' Administrative Procedures Act (APA) claim for payment of interest under Part B of the EEOCIPA should be dismissed for lack of subject matter jurisdiction. ECF No. 28 at 9–10. I agree. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988) (holding that the APA "was not intended as an independent jurisdictional foundation" (citing *Califano v. Sanders*, 430 U.S. 99, 106–07 (1977))). Section 706 of the APA does "grant[] federal courts the power to 'compel agency action unlawfully withheld or unreasonably delayed.'" However, that power is limited to "situations where an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citations omitted); *see also* 5 U.S.C. § 706. There are no

---

[6] Because the plaintiffs are pro se, the court liberally construes the amended complaint and resolves all doubts in the plaintiffs' favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[7] A copy of the Local Rules are available in the United States Clerk's Office for the District of Nevada, or online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

allegations or substantive claims identified in the complaint that would confer jurisdiction for this court to order the United States to pay money damages to the plaintiffs under the APA. To successfully bring a complaint under the APA, a plaintiff must identify a *separate* source of substantive law (claim, statute or otherwise) that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *U.S. v. Mitchell*, 463 U.S. 206 (1983) (discussing the 28 U.S.C. § 1491, otherwise known as the Tucker Act). The plaintiffs fail to identify a *separate* source of law that would permit this money-damages demand to proceed, and Part B of the EEOCIPA does not provide for this sort of recovery. *See* EEOICPA Part B, NWIA, https://nuclearworkers.org/eeoicpa-part-b/ (last visited Dec. 19, 2025).[8] So these allegations cannot confer federal question jurisdiction, nor can the plaintiffs bring a claim under this provision.[9]

Second, the motion also argues that the plaintiffs' claim under Part E of the EEOCIPA should be dismissed for lack of subject matter jurisdiction. ECF No. 20 at 12–13. They argue that this claim cannot survive because it's akin to a request for judicial review of Teresa's Part E claim. *See id.* at 12. Unlike the plaintiffs' claim under Part B, EEOCIPA's Part E does grant subject matter jurisdiction to review decisions rendered under this provision. *See* 42 U.S.C. § 7385s-6(a). But, as noted by the Federal Defendants, that statute has a strict 60-day filing deadline. *See Lott v. United States Dep't of Labor*, 2013 U.S. Dist. LEXIS 66969, at *4 (D. Nev. May 9, 2013) (citing *Barrie*

---

[8] I take judicial notice of this website without converting this motion into one for summary judgment. Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . .." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). But a court may take judicial notice of matters of public record, *Khoja*, 899 F.3d at 999 (quoting *Lee*, 250 F.3d at 689), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds); *see also* Fed. R. Evid. 201. Government websites are also available for judicial notice so long as "neither party disputes the authenticity of the [website] or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)).

[9] For the same reason, these allegations also fail to state a cognizable claim under Rule 12(b)(6), so the Federal Defendants' motion to dismiss under that rule is also granted.

7

*v. United States DOL*, 805 F. Supp. 2d 1140, 1144 (D. Colo. 2011)). DOL issued its final decision to Teresa on July 30, 2015.

Third, the complaint alleges that that the Federal Defendants violated the plaintiffs' rights under the Seventh Amendment to the Bill of Rights and Article III, Section 2, of the U.S. Constitution. But these assertions also fail to confer jurisdiction. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Seventh Amendment, however, "does not confer on this court subject-matter jurisdiction," and courts do not have jurisdiction over suits at common law simply because the value involved in the action is more than $20. *See Great Nature v. Ewing Bros.*, 2022 WL 575745, at *4 n.37 (D. Nev. Feb. 25, 2022) ("[T]he Seventh Amendment preserves the right to a jury trial; it does not confer on this court subject-matter jurisdiction."); *see also James-Clement v. Lending Connection, Inc.*, 2008 WL 417993, at *2 (E.D. Wash. Feb. 13, 2008) ("The Seventh Amendment does not provide subject matter jurisdiction; rather, a plaintiff must establish a basis for federal jurisdiction before his right to a jury trial can be invoked."). Article III, Section 2, of the U.S. Constitution likewise does not confer jurisdiction; that section outlines judicial power and therefore is not a basis to confer jurisdiction. *See* U.S. Const. art. III, § 2. Thus, the plaintiffs' reliance on these sections do not confer jurisdiction and are hereby dismissed with prejudice.[10]

Fourth, the Federal Defendants argue that the plaintiffs fail to articulate a claim under 28 U.S.C. § 2675, otherwise known as the Federal Tort Claims Act (FTCA). The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210 (2021) (citations omitted). To prevail on an FTCA claim, the plaintiff must show that the claim is (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission

---

[10] For the same reasons, these allegations also fail to state a claim under FRCP 12(b)(6), so the Federal Defendants' motion to dismiss under that rule is also granted.

of any federal government employee; (5) while the employee was acting within the scope of their office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.* at 212. The complaint is devoid of any allegations setting forth a state law claim, so this claim fails.

This claim also fails because a claim brought under the FTCA requires any claimant to first file a claim with the appropriate federal agency and await final denial before commencing a civil action—in other words, the claimant must first exhaust their administrative remedies. 28 U.S.C. § 2675(a); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). This exhaustion requirement is mandatory and cannot be waived. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Actions filed prior to presentation of the claim to the agency, final denial of the claim by the agency, or allowing six months to elapse from the date of filing of the administrative claim fail to meet this requirement and are properly dismissed for lack of subject matter jurisdiction. *See id.* Thus, under the FTCA, claims must be filed by a plaintiff with the responsible agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b); *see Booth v. United States*, 2019 U.S. App. LEXIS 9021, at *7 (9th Cir. Jan. 31, 2019).

Here, the complaint has no allegations that the plaintiffs filed an administrative claim before bringing this action, and any accrual would have run in March 2023. *See* ECF No. 20 at 4 (stating that the Final Decision was issued on March 21, 2018). The Federal Defendants filed an affidavit showing that no claim was filed by the plaintiffs. *See* Defs.' Ex. A, Naji decl., ECF No. 28-2. The plaintiffs then brought this action in December 2023. Without filing a timely administrative claim, the plaintiffs are now barred from bringing an FTCA claim. Consequently, the plaintiffs' FTCA claim fails, and the Federal Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice.

Fifth, the Federal Defendants argue that the plaintiffs cannot rely on 18 U.S.C. §§ 1001, 1018, and 1922 to confer jurisdiction because those are criminal statutes with no private right of action. ECF No. 28 at 9. I agree. Each of these statutes are ones that do not confer a private right of action. *See Hung Nguyen v. Yolo Cnty. Dist. Attorney's Office*, 2021 U.S. Dist. LEXIS 46191, at *4 (E.D. Cal. Mar. 11, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 72405 (Apr. 14, 2021) ("[T]o the extent the complaint raises claims for false statements and fraud under 18 U.S.C. Sections 1001 and 1031, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes."); *Rice v. City & Cnty. of San Francisco*, 2019 WL 11753722, at *8 n.61 (N.D. Cal. Oct. 19, 2019) (18 U.S.C. §§ 1001 and 1018 did not create a private cause of action)); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3rd Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The plaintiffs, as private citizens, cannot bring claims under these statutes, and they fail to confer jurisdiction and are hereby dismissed with prejudice.[11]

### B. The Federal Defendants motion to dismiss pursuant to FRCP 12(b)(6) for failing to state a claim is granted.

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief" in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[11] For the same reasons, these allegations also fail to state a claim under FRCP 12(b)(6), so the Federal Defendants' motion to dismiss under that rule is also granted.

10

is liable for the misconduct alleged." *Id.* at 678. While "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," or "naked assertion[s] devoid of further factual enhancement" are insufficient to defeat a motion to dismiss. *Id.* (quotations omitted). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where a plaintiff is appearing pro se, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Further, the complaint also alleges violations of the plaintiffs' constitutional rights under the First and Fifth Amendments of the U.S. Constitution. *See* ECF No. 20 at 2–3. Constitutional amendments themselves do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). A plaintiff may bring an action under 42 U.S.C. § 1983 for "the deprivation of any rights, privileges, or immunities secured by the Constitution" against a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State," however there is no "basis for a claim under section 1983, [because the plaintiffs'] allegations are against federal officials acting under color of federal law." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). So I liberally construe the amended complaint as attempting to bring claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, here, any potential *Bivens* claim fails.[12] Again, the plaintiffs fail to substantively

---

[12] Expanding *Bivens* is a "'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted). To determine if a *Bivens* remedy is available in a particular case, courts apply a two-step analysis. *Pettibone v. Russell*, 59 F.4th 449, 454 (9th Cir. 2023). First, courts determine whether the case presents 'a new *Bivens* context.'" *Egbert v. Boule*, 596 U.S.482, 492 (2022). If the answer is "no," then no further analysis is required, and the claim may proceed. *See Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018). But if the answer is "yes," then the court proceeds to step two, *id.*, and the court must ask whether an "'alternative, existing process for protecting' the plaintiff's interests" is available, *W. Radio Servs. Co. v.*

support their position that dismissal of these claims would be improper. Instead, they summarily contend that they can seek damages under *Bivens*.[13] *See* ECF No. 30 at 2. This is insufficient, and therefore grounds to grant the Federal Defendants' motion. *See* LR 7-2(b).

First, "[t]he Supreme Court has never explicitly recognized a *Bivens* remedy for a First Amendment claim." *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.")). Thus, the plaintiffs' claim under the First Amendment is not a cognizable *Bivens* claim. But even if it were, I would still grant the motion because the amended complaint fails to state a claim. The First Amendment provides that Congress shall make no law abridging the right of the people "to petition the Government for redress of grievances," a right that is "cut from the same cloth" as the other guarantees in the First Amendment. *McDonald v. Smith*, 472 U.S. 479, 482 (1985). It is "an assurance of a particular freedom of expression." *Id.* The Petition Clause guarantees only that an individual may "speak freely and petition openly," and to guarantee that such individuals will be free from retaliation by the government for doing so. *Smith v. Arkansas. State Highway Employees*, 441 U.S. 463, 464–65 (1979) (per curiam). The amended complaint does not state any allegations that could give rise to a potential violation of their rights under the First Amendment. So this claim is dismissed without prejudice and with leave to amend.

---

*U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009) (citation omitted), or whether other "special factors" counsel against such expansion by the judiciary. *Lanuza*, 899 F.3d at 1028.

[13] The plaintiffs filed a supplement to their opposition to the motion to dismiss, addressing the purported *Bivens* claims. *See* ECF No. 38. Their opposition was due May 23, 2025, making this supplement untimely. It was also filed without leave of court in violation of Local Rule 7-2(g). *See* LR 7-2(g) (stating that a party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause). That same rule says the judge may strike supplemental filings made without leave of court. Because the supplement was filed untimely and without leave of court, the Federal Defendants' motion to strike the brief [ECF No. 38] is granted. Further, the plaintiffs' motion for leave to file a surreply [ECF No. 48] is denied. The court notes that this motion violates LR LC 2-2(b), which requires parties to file separate documents for each type of relief requested. This motion contained several requested forms of relief.

The plaintiffs' Fifth Amendment claim, which I construe as alleging a procedural due process violation, also fails. The Supreme Court has repeatedly rejected extending *Bivens* to due process violations. *See, e.g., Ziglar*, 582 U.S. 120; *Davis v. Passman*, 442 U.S. 228, 229 (1979); *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); *Wilkie v. Robbins*, 551 U.S. 537, 547–48 (2007). The Ninth Circuit has also rejected extending this sort of claim. *See Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023). I see no reason to deviate from the reasoning set forth in those decisions, especially based on the sparse allegations in the amended complaint.

Even if *Bivens* somehow applies, this claim would still be dismissed because procedural due process claims require plaintiffs to show they were (1) deprived of a constitutionally protected liberty or property interest, and (2) denied adequate procedural protections. *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). While the first element is arguably met for Teresa, the amended complaint is devoid of allegations that would support the second element—an alleged denial of procedural protections. Rather, the allegations show that Teresa had access to procedures to apply for benefits under the EEOICPA and to appeal the decision denying her application. *See* ECF No. 20 at 6–7. There are no allegations explaining how Vietta Hankin's Fifth Amendment rights were violated. Accordingly, the plaintiffs have failed to state a claim, so this claim is also dismissed without prejudice and with leave to amend.

### C. Leave to amend

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). And the policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Applying that rule here, the court finds good cause to grant the plaintiffs leave to amend for some of their claims.

The plaintiffs are permitted to file an amended *Bivens* claims alleging First and Fifth Amendment violations. If the plaintiffs elect to the file the amended complaint, it must be filed by **January 9, 2026**, and it must be titled "Second Amended Complaint." The plaintiffs are advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in and of itself. *Hal Roach Studios*, 896 F.2d at 1546; *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

However, the plaintiffs **are not** permitted to bring any new claims or name any new defendants. Further, the plaintiffs cannot re-allege any claims under 18 U.S.C. §§ 1001, 1018, and 1922 or an FTCA claim under 28 U.S.C. § 2675 because they have been dismissed with prejudice.

**D.  The plaintiffs' motion for jury demand is denied.**

The plaintiffs filed a "motion to enter a proposed jury trial preservation order." *See* ECF No. 49.[14] The Federal Defendants did not file a response to this motion. I nonetheless address the motion on the merits because the Federal Rules and binding authority controls whether I should grant this request.

Federal Rule of Civil Procedure 38(b) governs the timing for demanding a jury trial in federal civil proceedings. Under this rule, "a party may demand a jury trial by . . . filing the demand in accordance with Rule 5(d)." The demand must be made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). A party who fails to "properly serve and file a jury demand" waives a jury trial. *See* Fed. R. Civ. P. 38(d).

---

[14] Relatedly, the plaintiffs also filed a "Notice of Constitutional Issue" and a "Notice of Plaintiffs' Filing Package." ECF Nos. 50, 51. The court construes the "Notice of Constitutional Issue" as a duplicate request for a jury trial demand. *See* ECF No. 51. Because this "notice" is a rogue filing, and because the court resolves this issue by addressing the plaintiffs' motion for jury demand (ECF No. 49), this "notice" is stricken. The second notice, regarding the filing package (ECF No. 50), is stricken as a rogue filing. The court docket reflects what was filed so the "notices" of filings are not necessary. The plaintiffs are advised that any "request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), not through "notices."

14

In this circuit, a district court's discretion to order a jury trial on a motion by a party who has not filed a timely demand is "narrow," and it "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983); *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) ("[T]he district court is not permitted under Rule 39(b) to excuse an inadvertent failure to request a jury trial.")

Here, the plaintiffs initially waived their right to a jury trial by not serving the Jury Demand within 14 days after filing their complaint or after the Federal Defendants filed their Answer. The plaintiffs do not address the untimeliness of their request, so there is no information or evidence before the court explaining plaintiffs' untimely demand. *See* ECF No. 49. Without more, this court cannot grant the plaintiffs' request, so it is denied. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir. 2002) (finding that even a pro se litigant's good faith mistake as to the deadline to demand a jury trial established "no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand").

### III. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 28] is GRANTED in part**.

IT IS FURTHER ORDERED that the defendants' motion to strike **[ECF No. 38] is GRANTED**. The Clerk of Court is kindly directed to strike ECF No. 37.

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file a surreply and motion for jury trial **[ECF Nos. 48, 49] are DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' "notices" **[ECF Nos. 50, 51] are STRICKEN**.

IT IS FURTHER ORDERED that if the plaintiffs elect to file an amended complaint, they have until **January 9, 2026** to do so, and it must be titled "Second Amended Complaint." If the plaintiffs do not file a Second Amended Complaint by that date, this action will be subject to

dismissal without prejudice for failing to follow a court order. Further, the plaintiffs are reminded that they are **not** permitted to bring any new claims or name any new defendants, and they cannot re-allege any claims under 18 U.S.C. §§ 1001, 1018, and 1922 or an FTCA claim under 28 U.S.C. § 2675 because they are dismissed with prejudice. Failure to comply with this order may also subject this action to dismissal for failing to follow a court order.

Dated: December 29, 2025

_____
Cristina D. Silva
United States District Judge