# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Teresa Love, et al.,

          Plaintiffs

v.

Rachel Pond, et al.,

          Defendants

Case No. 2:23-cv-02149-CDS-BNW

**Order Dismissing and Closing Case**

Plaintiffs Teresa Love and Vietta Hankins initiated this civil-rights case in December 2023. Compl., ECF No. 1. In December 2025, I granted in part defendants Rachel Pond, John Vance, Sheldon G. Turley, Jr., Joleen Smith, Gerard O'Hare, Anna DePasquale, Aaron Warren, and Jill Mortimer's motion to dismiss, granting leave to amend by January 9, 2026. Order, ECF No. 52. I expressly warned the plaintiffs that failure to timely file an amended complaint would result in dismissal of this action. *Id.* at 15–16. That deadline passed, and the plaintiffs did not file a second amended complaint, move for an extension of time, or otherwise respond. Therefore, this action is dismissed.

## I.  Discussion

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999)). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S.

626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish*, 191 F.3d at 992 (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* In cases like this one, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, the plaintiffs have delayed further adjudication of their claims by failing to timely amend their complaint so there is currently no operative complaint on file. This case cannot proceed without the plaintiffs' compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. The plaintiffs have not

provided an explanation, non-frivolous or otherwise, for their failure to file a second amended complaint.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. The plaintiffs were given a second opportunity to amend their complaint to cure the deficiencies identified in my December 29, 2025 order, but they failed to do so. Without an operative complaint, the claims cannot be decided on the merits; therefore, I find that the fourth factor is outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The plaintiffs were provided adequate warning that dismissal would result from noncompliance with the court's order. ECF No. 52 at 15–16. The plaintiffs' decision not to amend leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

**II.    Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on the plaintiffs' failure to file a second amended complaint in compliance with my December 29, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated: February 4, 2026

_____
Cristina D. Silva
United States District Judge